IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM CARTER,

    Plaintiff,

  v.

DEPARTMENT OF CORRECTIONS,
SANTA CLARA COUNTY; et al.,

    Defendants.
                                  /

No. C 09-02413 WHA

**ORDER GRANTING MOTION
TO TRANSFER VENUE AND
VACATING HEARING**

        Plaintiff, acting *pro se*, filed this discrimination action against the Santa Clara County Department of Corrections and various individual defendants. Plaintiff alleges that he attended the Santa Clara Correctional Peace Officer Academy in 1989. He was initially employed by the Elmwood jail facility in Milpitas and in 1997 was reassigned to the main jail facility in San Jose. In this action, he raises various allegations including disability discrimination and race discrimination. Defendants now move to transfer venue to the San Jose Division. The motion is scheduled to be heard August 27, 2009. Pursuant to Civil Local Rule 7-3, plaintiff's opposition to the motion was due August 6, but plaintiff has failed to oppose the motion.

        Defendants seek transfer on the grounds that plaintiff was employed in Santa Clara County, all events giving rise to the lawsuit occurred in Santa Clara County, and the vast majority of witnesses and evidence are in Santa Clara County. Civil Local Rule 3-2 states:

> **(c) Assignment to a Division**. Pursuant to the Court's Assignment Plan . . . upon initial filing, all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises. *A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated.*

\* \* \*

**(e) San Jose**. Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division.

**(f) Transfer of Actions and Proceedings**. Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule, or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer . . . .

Furthermore, 28 U.S.C. 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." To determine whether an action should be transferred pursuant to Section 1404, courts examine whether (1) the transfer "will enhance the convenience of the parties and witnesses, and is in the interests of justice"; and (2) the action could have been brought in the transferee court. *Robinson Corp. v. Auto-Owners Ins.*, 304 F. Supp. 2d 1232 (D. Hi. 2003) (citing Moore's Federal Practice).

Here, there is no doubt that this action could have been brought in the San Jose Division. Furthermore, the convenience of the parties and witnesses and the interests of justice would be served by transfer to the San Jose Division. Most if not all of the witnesses and evidence are in Santa Clara County and trial in that district would reduce expense, whereas San Francisco has no apparent connection to this action. Because the motion is unopposed, and because Section 1404 and Civil Local Rule 3-2 counsel in favor of transfer, defendants' motion to transfer is hereby **GRANTED**. This action will be transferred to the Northern District's San Jose Division. The hearing scheduled for August 27, 2009, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: August 21, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE